## WAGGONER v. BURG.

(Court of Civil Appeals of Texas. San Antonio.
April 17, 1912. Rehearing Denied
May 22, 1912.)

1. INSURANCE (§ 188*)—PREMIUM NOTE—AC-
TION — ACCEPTANCE OF POLICY — EVIDENCE.

Defendant applied for a policy of life in-
surance, at the instance of plaintiff's subagent,
in the C. Company, and delivered to the sub-
agent a note, payable to plaintiff, for the first
premium "on delivery of policy after date."
Defendant's application was rejected; where-
upon the subagent induced defendant to sign
an application for insurance in the G. Company,
stating that such subagent would get defendant
another policy equal to the one he had previous-
ly applied for, and would see that his health
record was corrected, when defendant would be
at liberty to take the policy, or not. Defend-
ant accepted the policy in the G. Company, and
was afterwards re-examined, as he supposed, to
correct his health record, and signed what was
in fact a renewal application for the policy in
the C. Company, and this, being issued, was
tendered to him and refused, and suit brought
on the note. *Held*, that plaintiff and the sub-
agent were acting together in the matter, and
the subagent's statement that he would correct
defendant' health record, when he would be at
liberty to take the policy, or not, was admissi-
ble against plaintiff.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 245, 402–407; Dec. Dig. § 188.*]

2. APPEAL AND ERROR (§ 733*)—ASSIGNMENTS
OF ERROR—EXPLANATORY STATEMENT.

Assignments that the judgment is against
the weight of the evidence, and because there is
not sufficient evidence to support the judgment,
cannot be sustained, in the absence of a suffi-
cient statement showing wherein the evidence
is insufficient.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3025–3027; Dec. Dig. §
733.*]

Appeal from District Court, Bexar Coun-
ty; Claude V. Birkhead, Judge.

Action by D. E. B. Waggoner against S.
Burg. Judgment for defendant, and plain-
tiff appeals. Affirmed.

E. B. Cocke, of San Antonio, for appellant.
Webb & Goeth, of San Antonio, for appellee.

JAMES, C. J. The action is by Waggoner
on a note for $411.20, executed to plaintiff,
payable to him "on delivery of policy after
date." The petition alleged that by "on
delivery of policy" was meant a policy on
the life of defendant, Burg, in the Citizens'
Life Insurance Company of Louisville, Ky.,
and alleged that such policy was delivered
to defendant some months before the filing
of this suit, and on demand defendant had
refused to pay, etc.

Defendant pleaded by demurrers, denial,
and failure of consideration, alleging: That
about September 6, 1907, defendant, at the
instance of S. J. De Pew, who represented
himself as the agent of the Citizens' Life
Insurance Company, signed an application
for a policy of $10,000, and at the same time,
to evidence the amount to be paid as a pre-
mium on the policy, as a part and parcel of

the application, gave the note sued on, upon
the statement that the note should not be
used until such policy should be delivered to
defendant within a reasonable time and ac-
cepted by him, in which event only the note
was to be binding. Reasonable time was al-
leged to be 30 days. That about a month
afterwards defendant was informed by De
Pew, with whom the agreement for insurance
was made, and to whom the application and
note were delivered, that the Citizens' Life
Insurance Company had refused the applica-
tion, and that he could not obtain the policy,
and he thereupon abandoned his application;
and it was agreed between him and De Pew
that it was abandoned, by reason whereof
defendant was released from the note. That
at this time defendant did not recall the
fact that he had given the note, and then did
not insist on its surrender to him. That
upon said refusal of the Citizens' Life In-
surance Company to insure defendant it be-
came necessary for defendant to obtain oth-
er insurance, and De Pew thereupon obtain-
ed for him, about October 14, 1907, a policy
in the Great Western Life Insurance Com-
pany for the sum of $10,000. That long
afterwards, about April 1, 1908, plaintiff
brought to defendant a policy for $10,000 in
the Citizens' Life Insurance Company; but
defendant informed plaintiff of the situation
and facts and declined to accept it. That
plaintiff urged defendant to take this policy
also; but defendant informed him he could
not carry more, and plaintiff went away
with the policy, but called again, and, over
defendant's objection, left the policy in de-
fendant's office. That thereafter defendant
was informed that plaintiff had possession of
the note, and that its collection would be
sought, and that it was still in existence;
and it was then recalled to his mind that it
had not been returned to him, as it should
have been. Wherefore plaintiff ought not to
recover. That in no event should defendant
be held on the note, because his application
was made about September 6, 1907, and he
failed to obtain the insurance contemplated
and applied for; and because, further, he
failed to receive it in a reasonable time, in
this: That the policy was not attempted to
be delivered until about seven months after
the application, when it should have been
delivered within 30 days, and he was there-
by induced to believe that it would not be
issued him, and to protect his family he was
then compelled to procure other insurance;
and, further, because the note was given to
evidence the first year's premium on a policy
to be issued under defendant's application of
September 6, 1907, and such note, in the
event of payment, was to secure defendant
the benefit of a full year's insurance, and
such policy did not become effective until a
policy was issued and delivered to defend-
ant. That no attempt was made to deliver
one until about April 1, 1908, and that then a

policy was tendered him, dated October 14, 1907, by the terms of which the year's insurance began on October 14, 1907, and defendant would be required to pay for insurance from October 14, 1907, to April 1, 1908, a period of time that, in fact, the policy was not in force, and defendant would not have been protected thereby, by reason of which the policy contemplated by said note has never been issued and tendered to defendant.

The cause was tried by the judge, who overruled the demurrers and gave judgment for the defendant.

[1] The first assignment complains of part of the testimony given by defendant Burg, which was: "He [De Pew] said to me: 'Not only I'll give you another insurance policy that will be the equal of this, but will also see that your health record is corrected, and you will be examined again. Then you are at liberty to take it, or not.' " This statement, if any, was made by De Pew to defendant after defendant had been "rejected" by the Citizens' Life Insurance Company, as defendant testified, or "postponed," as plaintiff testified. De Pew was subagent of plaintiff, Waggoner, who was the general agent of the Citizens' Life Insurance Company. De Pew obtained defendant's original application, which the company "rejected" or "postponed." He was still working for or with Waggoner when he procured defendant to take a policy for like amount in another company, the Great Western Insurance Company, in which transaction he made the statement or promise complained of by this assignment. There was testimony which tended to show that De Pew and Waggoner acted together in obtaining this other policy for defendant, in lieu of the one that had become defunct in the Citizens' Life, though Waggoner was admitted not to have been present when De Pew made the statement or promise in question to defendant. However, there was testimony which tended to show that Waggoner knew of it.

Several months after defendant's first application to the Citizens' Life had been refused, and after the time said statement by De Pew was made, and De Pew's connection with Waggoner had ceased, Waggoner, with a physician, called at defendant's office with what in effect was a renewal application to the Citizens' Life, but which was entitled "Certificate of Health," which defendant signed, and at same time was re-examined. This transaction defendant testified he thought was being done in pursuance of what he had been told by De Pew would be done to have his health record corrected, and for that purpose only. He testified to this, and that when they came to his office he said to them, "Finally, my health record will be corrected," and he testified that "he took it what was done was keeping their word that his record would be corrected."

The trial court evidently accepted as true the testimony of defendant, Burg, throughout as against that of plaintiff. It is not our province to pass upon the credibility of the witnesses, nor the weight to be given their testimony, however different our conclusions might have been. The court had the right to believe that Burg stood the examination and signed the paper under the impression, caused by what De Pew had said to him, that its purpose was simply to straighten out his health record.

However, the question is: Was the statement or promise of De Pew admissible testimony against plaintiff?

If we take as true the testimony of Burg, as the trial court did, De Pew and plaintiff acted together in placing him in the Great Western Life Insurance Company; and it was inferable from his testimony that plaintiff knew all along of what De Pew had told defendant in the transaction of getting him a policy in the last-named company. It appears that after the health certificate had been signed a policy came, which was brought by plaintiff to defendant, who testified: "The first time he brought it to me he asked me to consider whether I couldn't take it; and the next day he came again and asked me whether I had decided to take it, or not. * * * Waggoner used these words: 'Take that policy and see if you cannot see your way clear to take it.' * * * I did not request him to leave it with me. I declined. I let the policy that he left at my office lay there and asked him —expected him to take it back." This conduct of Waggoner on these occasions, if true, was inconsistent with the idea that he considered defendant bound to accept the policy, but indicated that he knew of something which relieved defendant from having to accept it. Otherwise he would naturally have demanded an acceptance of it and of the payment of the note, given for the premium, which was to become due when the policy was delivered. The court had the right to conclude, as a fact, that Waggoner had really been a party to or knew of the statement made by De Pew. Under these circumstances, there was no error in admitting and considering the testimony. The note sued on was taken to plaintiff, and was held by him as his property. What has been said disposes also of the fourth assignment.

[2] The second and third assignments complain of the judgment, (1) because it is against the weight of the evidence; and (2) because there is no sufficient evidence to support it. These assignments are not briefed with any sufficient statement explanatory of wherein the evidence is too weak or insufficient.

The sixth assignment is such as requires a resort to the testimony, in order to pass on it; and there is no statement whatever in the brief in connection with it.

Judgment affirmed.